H. D. WILLIAMS COOPERAGE CO. v. SAMS.

(Circuit Court of Appeals, Eighth Circuit.   July 8, 1912.)

No. 3,691.

1. MASTER AND SERVANT (§ 217*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—RISKS ASSUMED.

A servant assumes only those extraordinary risks of his employment which he knows and appreciates or which are obvious, and not those which, by the exercise of ordinary care, he should have known but did not.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

2. MASTER AND SERVANT (§ 281*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Plaintiff had been employed for several months in defendant's mill in operating a circular saw in sawing barrel heads from bolts cut of the required lengths from logs, and mounted in an upright position on the carriage, which was pushed against the saw by means of a lever.   When the foreman was operating the saw, he asked plaintiff to assist by pushing on the carriage, and in doing so plaintiff's hand was caught by the saw and injured.   In an action to recover for the injury, plaintiff alleged negligence in that the saw 'was dull and that the bolt being sawed was of unusual length, but he testified that he knew both of such facts and that both added to the danger because the bolt in such case was more likely to slip.   There was no evidence that the bolt did slip, and it did not touch plaintiff's hand.   *Held*, that both such risks were assumed, and that, under the evidence, the proximate cause of the injury was plaintiff's own negligence which barred his recovery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

In Error to the Circuit Court of the United States for the Western District of Arkansas.

Action at law by Joe Sams against the H. D. Williams Cooperage Company.   Judgment for plaintiff, and defendant brings error.   Reversed.

P. J. McLaughlin (Cockrill & Armistead and Roscoe R. Lynn, on the brief), for plaintiff in error.

William Gilmore and B. B. Hudgins, for defendant in error.

Before ADAMS and SMITH, Circuit Judges, and WILLARD, District Judge.

WILLARD, District Judge.   Sams, the defendant in error, plaintiff below, recovered a judgment for $1,500 for injury to his hand caused by its being caught in the circular saw of a barrel heading machine operated by the defendant below, plaintiff in error here.

The defendant is a manufacturer of barrel headings.   It uses for that purpose a circular saw five feet in diameter set in a heavy frame.   The logs before being brought to the machine are cut into short lengths, generally 22 or 23 inches long, but sometimes 28 inches long.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

These pieces are called bolts. A bolt is set almost perpendicularly in a movable carriage and pushed against the saw. The pieces are sawed off as the bolt and carriage are pushed forward after each backward automatic swing. There is a handle upon the upper part of the carriage for the operator to take hold of as he pushes forward the carriage.

At the time of the accident the plaintiff, Sams, was employed, and his duty was, according to his complaint, to operate this saw. While he was not the head sawyer, he had worked about the saw for six or seven months, and, as he said, had had a good deal of experience in operating it. His witness, the foreman, said that he could saw heading all right.

It was their custom in sawing, when they came to a bolt longer than usual, to lay it one side. There was upon the machine a set screw that allowed a part of the carriage to slide up and down so as to set it for a bolt of any length.

On the morning of the accident Sams and the foreman were engaged in clearing up the yard and sawing up the culls. Sams had been sawing himself a few minutes before the accident when the foreman came to rest him. The latter, coming to a harder bolt than usual, called Sams to help him push the carriage through. Sams, according to his own testimony, put his hand with a glove on it on a piece of the iron on the side of the carriage below the handle which was seized by the foreman. They sawed off one piece; but, when the bolt was pushed against the saw again, the plaintiff's hand was caught, and he received the injury complained of. The plaintiff testified that he did not know how he got his hand on the saw nor what caught it, but he said that the bolt did not hit it. He also said that he had never been called upon to do this kind of work before.

The negligence charged in the complaint is: (1) The dullness of the saw; (2) the carelessness of the foreman in compelling the plaintiff to operate the dull saw on a bolt which was of unusual length.

At the close of all the evidence the defendant asked the court to instruct the jury to return a verdict in its favor. To the denial of this request the defendant excepted, and this ruling is the principal error assigned.

The court charged the jury as follows:

"Was this one of the risks that the plaintiff assumed? The general rule in regard to that is that in accepting the employment the employé assumes all the ordinary and usual risks incident to that employment, and also all unusual and extraordinary risks of which he knows and which under the exercise of ordinary care he should have known. He assumes these ordinary and usual risks, and if he gets hurt by reason thereof the master is not responsible. And in addition he assumes all the extraordinary dangers which under the exercise of ordinary care he ought to have known. If you find that this was one of the risks and hazards of the business which he was taking, then there could be no recovery, even though the defendant was negligent."

[1] The servant assumes only those extraordinary risks which he knows and appreciates, or which are obvious, and not those which by the exercise of ordinary care he ought to have known. With this

modification this instruction was correct. Chicago, Burlington & Quincy Railroad Co. v. Shalstrom (Circuit Court of Appeals, Eighth Circuit) 195 Fed. 725; Republic Elevator Co. v. Lund et al. (Eighth Circuit) 196 Fed. 745, 116 C. C. A. ——, filed May 13, 1912.

[2] After an examination of the evidence we think that it conclusively shows that Sams knew all about the condition of the saw, the condition of the carriage, the danger of working with a dull saw, and the danger, if there were any, of sawing bolts of unusual length; and that he knew and appreciated the danger and the risks although they might have been unusual. The court, having stated the rule with substantial accuracy, should, we think, have charged the jury that the extraordinary risks had been assumed, and consequently should have granted the defendant's motion for a directed verdict.

So far as the dullness of the saw is concerned, the plaintiff himself testified that he knew that it was dull and that he knew it was more dangerous when it was in that condition than when it was sharp. While working with the saw under those conditions, he assumed the risk occasioned by the dullness of the saw.

With reference to the other charge of negligence, while there is evidence that it was more dangerous to saw bolts of unusual length, which fact the plaintiff said he knew, yet it also appeared that that danger came from the fact that the bolt was liable to slip. The plaintiff's witness, the foreman, testified that he did not think that the bolt did slip; that he did not know whether it did or not, but that was not the cause of the trouble if it did. The plaintiff testified, as has been seen, that the bolt did not touch his hand. It therefore appears that the fact that the bolt was of unusual length was not the proximate cause of the injury; it had nothing to do with the accident. It is very evident that the proximate cause of the injury was the plaintiff's own negligence in getting his hand into the saw. The foreman testified that he had done what the plaintiff had done a thousand times and never got caught. The saw was in plain sight. The bolt was in plain sight. There was nothing complex about the machine. He knew exactly where the bolt would have to go.

Among other things to which the plaintiff testified are the following:

"Q. Yet you put your hand in a position where it would have to go through a space of not more than 1¼ inches between the saw and the iron bar, a part of the carriage? A. Yes, sir. Q. You knew it was that close all the time, didn't you? A. Yes, sir. Q. You had to close your hand in there? A. Yes, sir. Q. You had a glove on your hand at the time, didn't you? A. Yes, sir. Q. And that made your hand stand out thicker, didn't it? A. Yes, sir. Q. You don't claim there was anything wrong with the saw at all, do you? A. No, sir; there was not. Only it was dull. * * * Q. Did not you know that was dangerous down there? A. Yes, but I never thought. * * * Q. You knew that it was more dangerous when in that condition than when it was sharp, didn't you? A. Yes, sir; of course, I knew it, but I didn't think."

The judgment of the court below is reversed, with costs, and the case remanded for a new trial.